IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOHAMMAD MAHMOOD | § | |
| (Williamson Co. No. 12-140967) | § | |
| | § | |
| V. | § | A-21-CV-799-LY |
| | § | |
| WILLIAMSON COUNTY, TEXAS; | § | |
| WILLIAMSON COUNTY DISTRICT | § | |
| ATTORNEY SHAWN DICK;[1] and | § | |
| WILLIAMSON COUNTY | § | |
| JUDGE BILL GRAVELL | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and motions for injunctive relief. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. Plaintiff admits he is charged with multiple felony offenses. Public records

---

[1] Plaintiff incorrectly identifies the Williamson County District Attorney as "Sean" Dick. The proper spelling is "Shawn." The correct spelling is substituted.

1

for Williamson County reflect Plaintiff is charged with third-degree felonies in Cause Nos. 21-0584-K368, 21-0585-K368, and 21-0586-K368. He was previously placed on deferred adjudication, after he pleaded guilty to a third-degree felony, in Cause No. 16-2772-K368. A motion to adjudicate guilt in that case is set for hearing on October 20, 2021. In each of his criminal cases, Plaintiff is represented by court-appointed counsel.

Plaintiff alleges he was wrongfully arrested on April 6, 2021 and detained. He contends Williamson County refuses to appoint him a suitable attorney. Plaintiff requests the Court to halt the state court criminal proceedings. He further requests the Court to order the state court to appoint a team of board certified criminal defense attorneys, skilled in mental health services and guardianship, to represent him in his criminal proceedings. He seeks attorneys who are aligned with his defense strategy and expectations. Plaintiff also seeks damages in the amount of $250,000 and to be released from jail. He sues Williamson County, Williamson County District Attorney Shawn Dick, and Williamson County Judge Bill Gravell.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status

does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Eleventh Amendment Immunity</u>

Plaintiff's claims seeking monetary relief against the Williamson County District Attorney in his official capacity are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Therefore, Plaintiff's claims against Defendant Dick in his official capacity for monetary damages are barred.

    C.    <u>Prosecutorial Immunity</u>

Plaintiff's claims against the District Attorney in his individual capacity for monetary damages are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S.

at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions or inactions taken by the prosecutors in Williamson County during Plaintiff's criminal proceedings which are protected by prosecutorial immunity. Plaintiff does not allege any actions taken by the District Attorney that were outside the course and scope of representing the Williamson County District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Plaintiff's claims against Defendant Dick in his individual capacity for monetary damages are frivolous, as they are barred by prosecutorial immunity.

D. <u>Judicial Immunity</u>

Plaintiff's claims seeking monetary relief against Judge Gravell in his individual capacity are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from

liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Gravell that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. In fact, Plaintiff does not allege any personal involvement on the part of Judge Gravell. Plaintiff's claims seeking monetary relief against Defendant Gravell in his individual capacity should be dismissed with prejudice as frivolous.

E.   County Liability

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under

§ 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Williamson County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Williamson County that caused a deprivation of his constitutional rights.

    F.    <u>Mandamus Relief</u>

Plaintiff's request to order the state court to appoint him legal counsel is construed as a request for mandamus relief. Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of

their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's request.

    G.    <u>Habeas Claims</u>

To the extent Plaintiff seeks his immediate release, he must seek such relief in a petition for writ of habeas corpus after he exhausts his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The trial court denied Plaintiff's application for writ of habeas corpus challenging his bond. Plaintiff appealed. Those appeals, wherein Plaintiff is represented by counsel, are currently pending before the Third Court of Appeals of Texas. As such, Plaintiff has not yet exhausted his state court remedies.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking monetary relief against Defendant Dick in this official capacity be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims seeking monetary relief against Defendants Dick and Gravell in their individual capacities be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e); and Plaintiff's claims seeking monetary relief against Defendant Williamson County be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff's request for the appointment of counsel in his criminal cases pending in the 368th Judicial District Court of Williamson County, Texas, be construed as a request for mandamus relief and **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and Plaintiff's motions for injunctive relief (ECF Nos. 3-4) be **DISMISSED**.

It is further recommended that Plaintiff's claims seeking habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies and a certificate of appealability be **DENIED**.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on September 28, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE